Harry Torao ICHIYASU, Plaintiff,

v.

CHRISTIE, MANSON & WOODS INTERNATIONAL, INCORPORATED, a New York corporation, and Kenneth Hodorowski, a/k/a Kenneth Walker, Defendants.

CHRISTIE, MANSON & WOODS INTERNATIONAL, INCORPORATED, a New York corporation, Third-Party Plaintiff,

v.

B.C. HOLLAND, INC., an Illinois corporation, Third-Party Defendant.

No. 85 C 9122.

United States District Court, N.D. Illinois, E.D.

March 20, 1986.

Philip C. Parenti, Philip C. Parenti, Ltd., Chicago, Ill., for defendant/counter-defendant.

John F. Horvath, Howard L. Lieber, Conklin & Adler, Ltd., Chicago, Ill., for third-party defendant/counterplaintiff.

## ORDER

BUA, District Judge.

Before the Court is third-party defendant's motion for preliminary injunction under Federal Rule of Civil Procedure 65(a). For the reasons stated herein, third-party defendant's motion is denied.

## I. FACTS

Plaintiff Harry Torao Ichiyasu (Ichiyasu) is an Illinois citizen and resides within the Northern District of Illinois. Defendant Christie, Manson and Wood International, Inc. (Christie) is a New York corporation and has its principal place of business in New York and transacts business in Illinois. Third-party defendant B.C. Holland, Inc. is an Illinois corporation principally engaged in the business of selling and arranging the sale of artwork. Kenneth Hodorowski, a/k/a Kenneth Walker (Hodorowski) is an Illinois citizen and resides within the Northern District of Illinois.

Ichiyasu alleges that Hodorowski stole, in August 1983, three pieces of artwork from Ichiyasu's home. In that same month, Hodorowski engaged the services of Holland to arrange for the sale of one of these objects, a lithograph of Pablo Picasso entitled "La Femme Au Tambourin." Holland subsequently consigned the Picasso, by written agreement, to Christie for sale by auction at Christie's New York offices. A sale was consummated in November 1984 and the $85,150 proceeds of that sale were transmitted to Holland who ultimately disbursed the $85,150 to Hodorowski.

Following the sale of the lithograph, Ichiyasu discovered the theft of his property

and demanded the return of the Picasso from Christie. Christie rescinded the sale but retained possession of the Picasso. Ichiyasu filed suit against Christie, seeking the return of the lithograph and money damages for any diminution in the value of the artwork. Ichiyasu similarly entered a claim against Hodorowski under 18 U.S.C. §§ 2314, 2315, 1341 (RICO), seeking damages for the loss of his property. Criminal charges have also been lodged against Hodorowski, arising out of the alleged theft of "La Femme Au Tambourin."

Christie subsequently filed a third-party complaint against Holland alleging that Holland breached implied and express warranties of good title contained in the consignment agreement between Christie and Holland. Should Christie be found liable to Ichiyasu, Christie argues, Holland should indemnify Christie for all damages entered against it. Holland then filed a cross claim against Hodorowski, contending that it was acting within the scope of and pursuant to the authority conferred upon it by Hodorowski, and was relying on the truthfulness of the representations made by Hodorowski in connection with the subject lithograph. Holland further argues that should Holland be found liable to Christie, Hodorowski owes Holland the duty of indemnity for all damages Holland is found to owe Christie.

From these allegations, Holland seeks the entry of a preliminary injunction against Hodorowski, enjoining him from disposing of the $85,150 proceeds of the November 1984 auction and requiring Hodorowski to place these funds or title to any real or personal property purchased with such funds in a court supervised trust or escrow account pending the resolution of this suit.

## II. DISCUSSION

In exercising its discretionary power to grant or deny preliminary injunctive relief, a court must be guided by four factors: (1) whether plaintiff has no adequate remedy at law and whether the denial of such relief will cause plaintiff irreparable harm; (2) whether plaintiff has a likelihood of success on the merits; (3) whether irreparable harm to plaintiff caused by failure to enjoin outweighs irreparable harm to defendant caused by the injunction; and (4) whether the issuance of an injunction would disserve the public interest. *Roland Machinery Co. v. Dresser Industries, Inc.,* 749 F.2d 380, 386–88 (7th Cir.1984). *See also Maxim's Ltd. v. Badonsky,* 772 F.2d 388, 390 (7th Cir.1985). Additionally, a party seeking injunctive relief bears the burden of proof as to all four factors. *Signode Corp. v. Weld-Loc Systems, Inc.,* 700 F.2d 1108, 1111 (7th Cir.1983).

### A. *No Adequate Remedy at Law and Irreparable Harm*

■ Holland argues, "on information and belief," that Hodorowski lacks insurance which would provide coverage for any of the damages awarded against Hodorowski in connection with this suit. Moreover, Holland contends that Hodorowski is incurring attorneys' fees and costs in connection with the civil and criminal suits arising from the alleged theft of the lithograph. Holland, therefore, concludes that Hodorowski will lack the adequate assets to indemnify Holland should Holland be found liable to Christie and thus Holland will suffer irreparable injury.

The threshold requirement for the granting of preliminary injunctive relief is proof of inadequate remedy at law and irreparable harm to the party seeking relief if the injunction is denied. *Roland Machinery Co. v. Dresser Industries, Inc., supra,* 749 F.2d at 386. Whether plaintiff has no adequate remedy at law depends upon whether the interim harm caused by the activity to be enjoined can be completely offset by a subsequent award of damages or other legal relief. *Maxim's Ltd. v. Badonsky, supra,* 772 F.2d at 390. Irreparable harm, in turn, is defined as "harm that cannot be fully rectified by final judgment after trial." *Roland Machinery Co. v. Dresser Industries, Inc., supra,* 749 F.2d at 386. Finally, the unobtainability of adequate damages through defendant's insolvency may constitute harm sufficient to warrant

the issuance of an injunction. *Id.; see also Signode Corp. v. Weld-Loc Systems, Inc., supra,* 700 F.2d at 1111.

Holland offers no proof that the traditional avenues of collecting a judgment against Hodorowski—a judgment which has yet to be entered—are inadequate, or would fail to make Holland whole. Moreover, Holland's claim of irreparable harm fails for lack of sufficient proof. The allegations of Hodorowski's impending insolvency are conclusory only, lacking any factual support.

**B.** *Likelihood of Success on the Merits*

■ Hodorowski contends that he will present proof at his pending criminal trial to show that the Picasso was not stolen but rather was a gift from Ichiyasu's wife. Acquittal on the criminal charges, Hodorowski argues, will dispose of Ichiyasu's RICO claim and thus similarly dispose of Holland's instant claim against Hodorowski.

Holland counters that a prior criminal conviction is unnecessary to maintain a civil RICO claim. Furthermore, the difference in burdens of proof in the criminal and civil suits precludes the application of the doctrine of collateral estoppel with respect to criminal verdicts being used in criminal cases. Finally, Holland argues that a jury is unlikely to accept Hodorowski's defense and characterizes his explanation concerning his possession of the lithograph as "a verying [sic] and questionable story."

Second on the list of criteria necessary to warrant the issuance of a preliminary injunction is a showing by the plaintiff of a likelihood of success on the merits. *Roland Machinery Co. v. Dresser Industries, Inc., supra,* 749 F.2d at 387. The threshold for meeting this requirement is low. It is enough that plaintiff's chances are better than negligible. *Id.*

While Holland's statements of law with regard to criminal suits and civil RICO claims are correct, *see e.g., Sedima v. Imrex Co. Inc.,* — U.S. —, 105 S.Ct. 3275, 3284, 87 L.Ed.2d 346 (1985), Holland nonetheless fails to show a likelihood of success on the merits. Holland offers no facts to support the assumption that Hodorowski will be found guilty of stealing "La Femme Au Tambourin." Merely alleging that Hodorowski's story vacillates and lacks merit is insufficient to pass even the "better than negligible" standard set forth in *Roland.* To establish a likelihood of success on the merits, more proof is needed.

**C.** *Balance of Hardships*

■ As stated previously, Holland contends that Hodorowski's allegedly inadequate insurance coverage and the burden of attorneys' fees and costs incurred in defending two lawsuits will render Hodorowski insolvent. Holland concludes that it will suffer irreparable harm if Hodorowski lacks sufficient funds to pay a judgment, if any, in Holland's favor.

The third phase of the Court's consideration requires a balancing of the hardships between the parties: whether irreparable injury to plaintiff caused by failure to enjoin outweighs irreparable harm to defendant caused by an injunction. *Roland Machinery Co. v. Dresser Industries, Inc., supra,* 749 F.2d at 387; *Maxim's Ltd. v. Badonsky,* 772 F.2d at 390. Further, the Seventh Circuit has held that the balance of harms varies inversely with plaintiff's likelihood of success on the merits. *Roland Machinery Co. v. Dresser Industries, Inc., supra,* 749 F.2d at 387. Thus, the less plaintiff's likelihood of success on the merits, the greater the balance must weigh in plaintiff's favor, and the greater plaintiff's likelihood of success on the merits, the smaller the irreparable injury plaintiff must show for the balance of hardships to tip in his favor. *Id.* The Court has already found that Holland failed to show a likelihood of success on the merits. Consequently, Holland bears a greater burden in showing that the threat of irreparable harm outweighs the threat of injury to Hodorowski should the injunction be denied. Yet, as illustrated previously, Holland's contention that Hodorowski is, or will be, insolvent lacks a sufficient factual foundation. Holland fails to prove that any threatened injury to itself outweighs the harm imposed on Hodorowski in being deprived of his property for the duration of the injunction.

### D. *Public Interest*

 Hodorowski contends that by requesting injunctive relief, Holland is seeking a final award before judgment is entered. From this allegation, Hodorowski concludes that the issuance of a preliminary injunction would cause the burden of proof to shift on every civil litigant sued in any kind of case for damages, and thus disserves the public interest. Holland responds that this argument lacks merit. In any request for a preliminary injunction, Holland maintains that the burden of proof rests solely with the plaintiff.

Whether granting injunctive relief would disserve the public interest is indeed a consideration for the Court. *Roland Machinery Co. v. Dresser Industries, Inc., supra,* 749 F.2d at 388. In this case, however, there is no evidence that the public interest would be disserved. Holland is correct that the plaintiff bears the burden of proof in this matter, not the defendant. *Signode Corp. v. Weld-Loc Systems, Inc., supra,* 700 F.2d at 1111.

### III. CONCLUSION

For the reasons stated above, the third-party defendant's motion for preliminary injunction is denied.

IT IS SO ORDERED.